**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, | **CRIMINAL NO. 25-188 (GMM)** |
| v. | |
| **LUCRECIO ELENA-PAREDES**, <br> Defendant. | |

**INFORMATIVE MOTION AND REQUEST FOR RECONSIDERATION**

TO THE HONORABLE COURT:

COMES NOW, the United States of America through the undersigned attorney and to this Honorable Court it respectfully states, alleges, and prays as follows:

On May 30, 2025, Defendant filed a Motion for Change of Plea (hereinafter, "Motion'). D.E. 19. In his Motion, Defendant informed the Court that he wished to change his plea of not guilty and requested that the Presentence Report ("PSR") be waived. *Id*. The request to waive the Presentence Report was not accompanied by any supporting rule or caselaw. *Id*.

On June 2, 2025, the Court granted Defendant's Motion in whole and scheduled a change-of-plea and sentencing hearing and ordered the United States and Defendant to file sentencing memorandums. D.E. 20.

The United States does not oppose the scheduling of a change-of-plea hearing so that Defendant may enter a straight plea. However, the Government opposes waiving the preparation of the PSR because the conditions outlined in Federal Rule of Criminal Procedure 32 have not

been met in this case. Federal Rule of Criminal Procedure Rule 32 (c)(1)(A) states that a PSR must be conducted unless one of two conditions are met:

> (i) 18 U.S.C. §3593 (c) or another statute requires otherwise; or

> (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

U.S.S.G § 6A1.1 outlines the same rule, and its subsection (b) adds that "the defendant may not waive preparation of the presentence report".

A PSR is essential in determining facts relevant to sentencing and it will allow the parties to adequately recommend a sentence in lieu of a plea agreement, and for the Court to craft a well-informed sentence.

To that end, the United States respectfully requests that a PSR be ordered and that a change-of-plea hearing be scheduled separately from the sentencing hearing to allow for the preparation of the PSR. The United States does not oppose ordering an expedited PSR[1] be prepared pursuant to Rule 32 (e)(2).


[SPACE INTENTIONALLY BLANK]


---

[1] Defendant requested an expedited PSR in his Motion as an alternative to the waiver of the PSR.

**WHEREFORE**, it is respectfully requested that the Court take notice of the above, schedule the change-of plea and sentencing hearings separately, order the preparation of a PSR, whether expedited or not, in advance of the sentencing hearing, and reconsider its order at D.E. 20.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, June 2, 2025.

W. STEPHEN MULDROW
United States Attorney

*/s/ César E. Rivera Díaz*
César E. Rivera Díaz
Assistant United States Attorney
USDC/PR Bar # 307401
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
(787) 766-5656
Cesar.rivera.diaz@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*/s/ César E. Rivera Díaz*
Assistant United States Attorney