`

**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **LUCRECIO ELENA-PAREDES**, <br> Defendant. | Criminal No. 25-188 (GMM) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

### I. Introduction

On April 11, 2025, Elena-Paredes was indicted for violating 8 U.S.C. § 1326 (a) & (b)(2)- Re-entry of a Removed Alien. D.E. 12. The Court has ruled that a PSR is not necessary pursuant to Fed. R. Crim. Pro. 32(c)(1)(A)(ii) and has ordered both parties to file a sentencing memorandum under penalty of sanctions. D.E. 20 and 23. The United States respectfully submits this sentencing memorandum seeking a sentence of imprisonment of 3 months.

### II. The Offense Conduct

On April 6, 2025, at the Luis Muñoz Marin International Airport in Carolina, Puerto Rico, an alien by the name of Lucrecio Elena-Paredes (a/k/a Lucrecio Paredes-Elena, a/k/a Sucrecio Elaina, a/k/a Eriberto Rios, a/k/a Lucrecio Paredes, a/k/a Eriberto Corea, a/k/a Pablo Corea, a/k/a Pablo Corera, a/k/a John Paredes, a/k/a Alberto Rios, a/k/a Eriberto Rios)[1], a citizen of the Dominican Republic, was found in the United Stets attempting to board Frontier Airline flight #99, bound to the city of Santo Domingo, Dominican Republic.

---

[1] *See* D.E. 14 and case 00-CR-317-1 (PG) for a list of all known aliases/identities used by Defendant.

`

During the inspection conducted by the U.S. Customs and Border Protection Officers, the alien claimed to be a citizen of the Dominican Republic by name of Lucrecio Elena-Paredes and presented a Dominican Republic Provisional Passport or Transportation Letter number 25042c-394, as proof of identity.

The document presented by Elena-Paredes also contained his photograph, and the document was issued under the name of "Lucrecio Elena-Paredes". Elena-Paredes claimed to be the rightful bearer of the document. Because Elena-Paredes did not have any document that allowed him to be present in the United States, he was held for a closer inspection.

During this process Elena-Paredes' fingerprints were submitted to the FBI for examination and comparison, this examination disclosed a match to FBI record #XXXXXX.
The FBI record revealed the following:

a. On 03/03/1990, the subject was convicted of Attempting Criminal Possession of Controlled substance in the 5th degree and sentenced to one (1) year of imprisonment at the Superior Court of New York County.

b. On 03/08/1990, the subject was convicted of Criminal Possession of a Weapon in the 3rd degree and sentenced to one (I) year of imprisonment at the Supreme court of New York County.

c. 04/24/1991, the subject was convicted of Criminal Possession of Controlled Substance in the 7lh degree and sentenced to thirty (30) days of imprisonment at the Criminal Court of New York County.

d. On 10/11/1995. The subject was Ordered Removed from the United States to the Dominican Republic by the Immigration Judge.

2

`

    e. On 04/20/1996, subject was physically removed from the United States to the Dominican Republic.

    f. On June 8, 2000, the subject was apprehended by US Coast Guard and his custody was transferred to the US Border Patrol.

    g. On June 9, 2000, the subject was served with a Notice of Intent / Decision to Reinstate Prior Order from the United States to the Dominican Republic.

    h. On 10/18/2001, the subject was convicted of Reentry of Removed Alien, title 8, section 1326(b)(2) at the United States District Court for the District of Puerto Rico. 00-CR-317-1 (PG).

    i. On 12/19/2003, subject was physically removed from the United States to the Dominican Republic.

Elena-Paredes was read his Miranda rights, and he did not waive his rights and did not agree to be interviewed. During his immigration processing, Elena-Paredes stated that his true and correct name is Lucrecio Elena-Paredes, and that he is a national and citizen of the Dominican Republic.

As part of his removal procedure in 1995 and 2003 Elena-Paredes was advised that after his deportation/removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

CBP conducted records checks which reveal that no application to request permission on form 1-212 had been filed on behalf of "Lucrecio Elena-Paredes" at the Office of Citizenship and Immigration Services. Elena-Paredes is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States.  Further, Elena-

3

`

Paredes was deported from the United States and prohibited from re-entering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

### III. Guideline Calculation

The Court has ruled that a PSR is not necessary, pursuant to Fed. R. Crim. Pro. 32(c)(1)(A)(ii). D.E. 20 and 23. Therefore, with the limited information on the record, Defendant's base offense level would be 8 pursuant to U.S.S.G. § 2L1.2. Because of Defendant's timely acceptance of responsibility, and assuming no other enhancements are applicable, Defendant would receive a two-point reduction under U.S.S.G. § 3E1.1. As such, Defendant's total offense level would be 6.

### IV. Recommendation

Defendant, a Dominican national with at least eleven different aliases and identities whose background information remains almost entirely unverified by Pretrial Services[2] was apprehended in the United States for a third time on April 6, 2025. Defendant was fully aware that he was committing a crime when he re-entered the United States because he had been deported twice before and because he had been sentenced to 46 months of imprisonment for committing the same criminal conduct in 2001. *See* 00-CR-317-1 (PG) at D.E. 42. Therefore, Defendant's disregard for the law extends beyond the controlled substance and weapon crimes he committed before his first deportation in the 1990s. Assuming a criminal history of I, the United States is seeking a sentence of imprisonment of three months (the middle of the guidelines range).

---

[2] *See* D.E. 14 at p. 1.

4

`

WHEREFORE, the United States respectfully requests and prays that this Court sentence Defendant to 3 months of imprisonment.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 6th day of June 2025.

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

*/s/ César E. Rivera Díaz*
USDC/PR Bar # 307401
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Avenue
San Juan, Puerto Rico 00918
(787) 766-5656
Cesar.rivera.diaz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ César E. Rivera Díaz*____
Assistant United States Attorney